UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT DIGGS, | ) ) ) |
| Petitioner | ) ) |
| v. | ) ) |
| ALAN UCHTMAN, Warden, Menard Correctional Center, | ) ) ) ) |
| Respondent. | ) |

Case No. 99 C 0931

Judge Joan B. Gottschall

**MEMORANDUM OPINION AND ORDER**

Petitioner Robert Diggs ("Diggs") was found guilty by a jury in the Circuit Court of Cook County of aggravated criminal sexual assault, armed robbery, and residential burglary. Diggs is currently incarcerated in Menard Correctional Center. Before this court is Diggs' petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is denied.

**I.     Background**

Diggs was convicted by a jury for his role in the rape and robbery of two women who were living in the same apartment. On direct appeal, Diggs argued that the trial court had violated his due process rights by not allowing individual voir dire with jurors on the issue of racial prejudice. The Illinois Appellate Court rejected this argument and affirmed Diggs' conviction. Diggs then filed a petition pro se for post-conviction relief in state court. This petition argued that the prosecutor's closing argument violated due process and that Diggs' was denied effective assistance of counsel because his trial counsel failed to object to the closing argument, failed to advise him of his right to testify, and failed to investigate critical items of

1

evidence. Diggs also argued that he was denied effective assistance of counsel on appeal because his appellate counsel failed to raise these issues on direct appeal. The circuit court and appellate court denied relief, and the Illinois Supreme Court denied Diggs' subsequent petition for leave to appeal. Next, Diggs filed a pro se petition for habeas corpus in state court arguing that his convictions were void because he was prosecuted by state's attorneys who are county employees and not agents of the state. The circuit court and appellate court dismissed the petition, and the Illinois Supreme Court denied Diggs' subsequent petition for leave to appeal.

Diggs filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court. As he did in his state court petitions, Diggs argues that the prosecutor's closing argument violated his right to remain silent during trial and that he was denied effective assistance of counsel because his trial counsel failed to object to the closing argument. Diggs also argues that he was denied effective assistance of counsel on appeal because his appellate counsel failed to raise these issues on direct appeal. Finally, he argues that his convictions are void under the Illinois Constitution because he was prosecuted by state's attorneys who are county employees and not agents of the state.[1]

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] a habeas

---

[1] Respondent argues for the first time in its Supplemental Answer that this court should dismiss Diggs' habeas petition as untimely. By failing to raise timeliness as a defense to the petition in the initial answer, respondent waived this argument. *Perruquet v. Briley*, 390 F.3d 505, 516 (7th Cir. 2004) ("The State implicitly waives a defense when its response to the petitioner's claim is inconsistent with an intent to preserve that defense.").

[2] AEDPA applies to this case because the petition was filed in 1999, well after AEDPA's effective date.

petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor,* 529 U.S. 362, 404-05 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 404. To show that the state court decision involved an "unreasonable application" of clearly established federal law, a habeas petitioner must establish that the state court unreasonably applied the controlling legal rule to the facts of the case. *Id.* at 407. Further, the state court's application of Supreme Court precedent must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003); *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002) (state court decision must lie "well outside the boundaries of permissible differences of opinion"); *see also Rice v. McCann,* 339 F.3d 546, 548 (7th Cir. 2003) (state court application of federal law is reasonable if state decision is at least minimally consistent with facts and circumstances of case).

Further, to avoid a holding of procedural default for habeas claims, a petitioner must have presented "each claim fully and fairly to the state courts." *Rodriguez v. Scillia,* 193 F.3d 913, 916 (7th Cir. 1999) (citing *Verdin v. O'Leary,* 972 F.2d 1467, 1472 (7th Cir. 1992)). Fair presentment requires the petitioner to "give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* For a constitutional claim to be fairly presented, "both the operative facts and the 'controlling legal principles' must be

3

submitted" for the state court's review. *Id.* (quoting *Picard v. Connor,* 404 U.S. 270, 277 (1971)). Even if the petitioner has raised all of his habeas claims in state court, this court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). This doctrine bars "federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729-30.

Where a petitioner has procedurally defaulted, this court may review the underlying claims only if the habeas petition "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure." *Rodriguez,* 193 F.3d at 917 (citing *Wainwright v. Sykes,* 433 U.S. 72, 91 (1977)). Absent this showing, "a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986)). This would require a petitioner "to show that it is more likely than not that no reasonable juror would have convicted him." *Id.* (citing *Schlup v. Delo,* 513 U.S. 298, 329 (1995)); *see also Buelow v. Dickey,* 847 F.2d 420, 427 (7th Cir. 1988) (holding that court "may set aside the cause-and-prejudice test and permit a habeas petition if, due to a fundamentally unjust trial, an innocent defendant was convicted").

### III.    Diggs' Grounds for Relief

####    A.    *Prosecutor's Closing Argument*

First, Diggs argues that the prosecutor's argument in his case violated his right not to testify at trial. Specifically, Diggs objects to comments the prosecutor made during closing

4

argument which allegedly drew the jury's attention to Diggs' failure to testify. In Diggs' motion for post-conviction relief, both the circuit court and appellate court rejected this argument.

Before this court, Diggs complains about three statements made by the state's attorney during closing argument.[3] First, the prosecutor argued that Diggs' incriminating statements were not coerced and said in discussing the conditions under which the statements were given: "[T]here is no evidence of him complaining about this. No evidence whatsoever that the defendant had any complaints about his conditions. I'm not saying he wanted to be in that situation, but he had no complaint about any mistreatment." Tr. 1157. The circuit court found that this statement was not a reference to defendant's failure to testify but was instead a reference to defendant's incriminating statement, which did not contain any complaints about conditions. Second, the prosecutor argued, "The evidence is uncontradicted and unrebutted that the officers and [Assistant State's Attorney] Theresa Gray talked to the defendant as they stated on the stand." Tr. 1190. The circuit court found that this statement was in response to defense insinuations that the witnesses had not talked to the Diggs and was not a reference to Diggs'

---

[3]These three statements are argued in the briefing (subsequent to the initial briefs in this case) by plaintiff's counsel. In his original motion for habeas corpus, Diggs asserted two additional statements:
- "He committed the transaction at the bank. He's the man who committed the rapes. He's the man who had the pin number, and that's why his picture is in the transaction using Nancy's card. The evidence is irrefutable." Tr. 1189.
- "This statement that he signed, and you will have the opportunity to see it. The signature appeared four times and it's unrebutted and uncontradicted that he signed the statement." Tr. 1193.

The additional briefing does not address these statements, but they were raised in the state post-conviction relief proceeding. It is clear that these statements do not support Diggs' argument because these statements did not call the jury's attention to Diggs' failure to testify. The defense could have called other witnesses besides the defendant to rebut this evidence (such as a handwriting expert), and it does not appear from the record that Diggs' identification on the ATM camera or the authenticity of Diggs' signature were disputed.

5

failure to testify. Third, the prosecutor argued that "[Assistant State's Attorney] Theresa Gray told you on the stand she said to him 'I have talked to the girls. I don't believe you. You forced yourself on them.' Now, she didn't give him any other information other than you forced yourself on them. And you heard that from both Detective Gavin and Theresa Gray. And the evidence is uncontradicted." Tr. 1191. This statement was not raised in Diggs' petition for post-conviction relief, but it was raised in his brief on appeal.

The appellate court did not address the statements individually but instead stated that "[t]he prosecutor never specifically commented on the defendant's failure to testify, but merely commented upon the strength of the State's case. The context of the complained-of remarks establishes that they were intended to rebut the defense theory that defendant's incriminating statements were incredible." The appellate court's evaluation of the prosecutor's statements was not contrary to Supreme Court precedent which has only held that a defendant's right not to testify was violated when the prosecutor makes a direct reference to defendant's failure to testify.[4]

---

[4] The appellate court stated that petitioner had procedurally defaulted this claim by not raising it on direct appeal, but it went on to dismiss the claim on the merits. "A state procedural default does not bar consideration of a federal claim on habeas review 'unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar.'" *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). The respondent conceded in its original answer that the appellate court's decision did not clearly rely on waiver because the appellate court reached the merits of the claim. Based on recent Seventh Circuit precedent, the respondent now argues in its Supplemental Answer that Diggs' claims are procedurally defaulted. *Brooks v. Wall*, 279 F.3d 518, 523-24 (7th Cir. 2002). Respondent, however, waived this argument by conceding it in the original answer. *Perruquet v. Briley*, 390 F.3d 505, 516 (7th Cir. 2004) (stating that "where the State has responded to one habeas claim on its merits while asserting that another is procedurally barred, it has implicitly waived any contention that the first claim is also procedurally defaulted").

6

The Supreme Court has held that "the Fifth Amendment, . . . in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). The Supreme Court clearly held in *Griffin* that the prosecutor cannot directly comment on the defendant's decision not to testify. *Id.* at 611, 615 (holding that the prosecutor violated defendant's right not to testify where the prosecutor stated, "These things [defendant] has not seen fit to take the stand and deny or explain."). The Supreme Court, however, has never extended this prohibition to indirect comments that may call the jury's attention to the defendant's failure to testify. *See U.S. v. Robinson*, 485 U.S. 25, 32 (1988) ("[W]here as in this case the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege."); *Yancey v. Gilmore*, 113 F.3d 104, 106-07 (7th Cir. 1997) (holding that *Griffin* applies only to direct comment by the prosecutor on defendant's failure to testify and that indirect references are not impermissible under AEDPA).

Petitioner has cited several Seventh Circuit cases that extend *Griffin* and hold that a prosecutor cannot indirectly refer to the defendant's failure to testify by stating that the government's evidence is uncontradicted or uncontroverted when only the defendant's testimony can contradict the government's evidence. *See, e.g., U.S. v. Mietus*, 237 F.3d 866 (7th Cir. 2001) (§ 2255 habeas petition). AEDPA, however, constrains the universe of controlling case law on which this court can rely in determining whether to grant habeas to a state prisoner. *Williams*, 529 U.S. at 381 (stating that, if the Supreme Court "has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves

7

establish such a principle with clarity sufficient to satisfy the AEDPA bar").

In the context of § 2254 habeas petitions post-AEDPA, the Seventh Circuit has recognized that AEDPA prevents courts from applying its broader interpretation of *Griffin* in state habeas cases. *See Yancey*, 113 F.3d at 106-07. In *Yancey*, the prosecutor argued in closing argument that a state's attorney had testified as to what the defendants had told him, and that that testimony was "unrebutted and uncontradicted." *Id.* at 106. As Diggs does here, Yancey argued that "these comments necessarily focused the jury's attention on Yancey's failure to testify at trial," and Yancey relied on Seventh Circuit precedent holding that a prosecutor's statements that the state's evidence is uncontradicted or unrebutted violate a defendant's right not to testify if defendant is the only one who can rebut the evidence. *Id.* The Seventh Circuit held that, under AEDPA, it could "no longer rely upon [its] own precedent to grant a writ of habeas corpus." *Id.* The court determined that *Griffin* was the only Supreme Court decision that could support the defendant's claim, but the state court's decision that the prosecutorial comments were permissible was not contrary to *Griffin*. *Id.* at 106-07.

Thus, as recognized in *Yancey*, this court cannot apply Seventh Circuit case law to grant a writ of habeas corpus. The only controlling Supreme Court authority on this issue is *Griffin*, which prohibited only direct comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt. *Griffin,* 380 U.S. at 615.[5] Since only indirect comments are at issue in this case, the state court's decision was not contrary to *Griffin*.

The state court did not unreasonably apply *Griffin* to the facts of Diggs' case. The

---

[5]Illinois law, the Seventh Circuit held, which permits comment on the unrebutted or uncontradicted nature of testimony as an appropriate summary of the evidence, is not contrary to Supreme Court precedent. *Yancey*, 113 F.3d at 107.

appellate court noted that the prosecutor did not directly comment on Diggs' failure to testify; rather, the comments were either intended to show the strength of the State's case or to rebut the defense theory that defendant's incriminating statements were incredible. Although it is unclear what legal standard the appellate court applied, it would not have been an unreasonable application of *Griffin* for the state court to find that the prosecutor's statements did not violate Diggs' right to remain silent since none of the statements referred directly to Diggs' failure to testify. The appellate court therefore did not unreasonably apply clearly established federal law.

    B.    *Ineffective Assistance of Trial and Appellate Counsel*

Diggs next argues that he was denied effective assistance of trial counsel because his counsel failed to object to the prosecutor's arguments, and that he was denied effective assistance of counsel on appeal because his appellate counsel failed to raise the issue on direct appeal. The appellate court rejected this argument as procedurally waived and also stated that "[a]n evaluation of counsel's conduct cannot extend to the exercise of judgment, discretion, or tactics, even where the appellate counsel or the reviewing court may have acted differently."

Respondent argues that Diggs has procedurally defaulted his claim of ineffective assistance of trial counsel because he failed to raise it on direct appeal. The appellate court held on Diggs' petition for post-conviction relief that the issues, including ineffective assistance of trial counsel, not raised on direct appeal were waived.

Since Diggs procedurally defaulted his claim for ineffective assistance of trial counsel, this court may review the merits of that claim only if Diggs "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure." *Rodriguez,* 193 F.3d at 917 (citing *Wainwright v. Sykes,* 433 U.S. 72, 91 (1977)). To show cause, Diggs

9

argues that he was denied effective assistance from his appellate counsel. Ineffective assistance of counsel may be a "cause" for procedural default, if the claim of ineffective assistance was properly exhausted in state court. *Edwards v. Carpenter,* 529 U.S. 446, 451-453 (2000). In this case, Diggs exhausted his claim of ineffective assistance of appellate counsel in his state court petition for post-conviction relief.

As to the merits of Diggs' claim, to establish ineffective assistance of appellate counsel, Diggs must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's error, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 689, 694 (1984). Diggs has not shown that his appellate counsel's performance fell below an objective standard of reasonableness. On direct appeal, Diggs' counsel raised the issue of the trial court's failure to allow individual voir dire of the jurors on the issue of racial prejudice but did not raise ineffective assistance of trial counsel or the issues concerning the prosecutor's statements during closing argument. Appellate counsel has no duty to raise every non-frivolous argument on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). "It is . . . possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.")).

Diggs' appellate counsel may have reviewed the record and decided that Diggs' claim based on the prosecutor's closing argument was weaker than the claim pursued on appeal. In

doing so, appellate counsel may have concluded, as the appellate court did in deciding Diggs' petition for post-conviction relief, that the prosecutor's references were not intended to draw the jury's attention to Diggs' failure to testify. This issue is not clearly stronger than the issue of racial prejudice on the jury that the appellate counsel pursued on direct appeal. This court cannot find that Diggs' appellate counsel fell below an objective standard of reasonableness.

Diggs' claim for ineffectiveness assistance of trial counsel fails because Diggs has not shown cause to overcome the procedural default. Diggs' claim for ineffective assistance of appellate counsel fails because Diggs has not satisfied the *Strickland* test for this claim.

    C.    *Jurisdiction of state's attorney to prosecute*

Finally, Diggs argues that that his convictions are void under the Illinois Constitution because he was prosecuted by state's attorneys who are county employees and not agents of the state. This issue was decided on the merits by the Illinois Appellate Court in Diggs' state habeas petition. Under AEDPA, this court has no authority to second guess the Illinois court's determination of an issue of Illinois constitutional law. 28 U.S.C. § 2254(d) (stating that a federal court cannot grant habeas on a claim decided on the merits in state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established *Federal* law") (emphasis added).

## IV. Conclusion

For the foregoing reasons, Diggs' petition for a writ of habeas corpus under § 2254 is denied.

ENTER:

\_\_\_/s/_____
Joan B. Gottschall
United States District Judge

Dated: October 25, 2005